


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIE BLIGE,

Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK, DENISE DYCE, PASQUALE MORENA, JOHN SIDERAKIS, CARMELO BATISTA, and ROBERT CURRY

Defendant.

MEMORANDUM DECISION AND ORDER

15 Civ. 08873 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Willie Blige filed this action against his former employer, the City University of New York ("CUNY"), Denise Dyce, Pasquale Morena, John Siderakis, Carmelo Batista, and Robert Curry (the "Individual Defendants") on November 10, 2015. (Compl., ECF No. 1.) Plaintiff seeks $700,000 in damages. (Pl. Am. Compl., ECF No. 6.) He alleges that Defendants discriminated against him on the basis of race, color, sex, military status, and arrest record in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Plaintiff alleges discriminatory termination, unequal terms and conditions of his employment, unfair labor practice, and slander based on his identity as an African American male over forty years of age. (Pl. Am. Compl., at 1-3.) Defendants filed a motion to dismiss the Complaint in its entirety for failure to state a claim and for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on July

18, 2016. (CUNY Defs.' Mot. to Dismiss[1] ("CUNY Defs.' Mot."), ECF No. 26, at 1; Def. Morena Mot. to Dismiss ("Morena Def. Mot."), ECF No. 39, at 1.)

This matter was referred to Magistrate Judge Katharine Parker. (ECF No. 10.) Before this Court is Magistrate Judge Parker's Report and Recommendation, ("Report," ECF No. 48), recommending that this Court dismiss Plaintiff's ADEA and state law claims against CUNY and its agents for lack of jurisdiction under the Eleventh Amendment, and dismiss Plaintiff's remaining claims for failure to state a claim for relief pursuant to Rule 12(b)(6). (*Id.* at 2.)[2] The Report contains no clear error of law and this Court adopts the Report in full.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*...we remain obligated to construe a *pro se* complaint liberally.").

[1] This motion includes the CUNY Defendants and all other Individual Defendants, with the exception of Defendant Morena who filed his own motion.

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 29); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections.

## II. SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT

The Report properly held that Plaintiff's ADEA and state law claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because, as an agency of the State of New York, CUNY is immune from suit under the Eleventh Amendment.[3] (Report, at 13-15.) The Second Circuit has held that CUNY senior colleges are an "arm of the state" entitled to sovereign immunity under the Eleventh Amendment, as they are "ultimately accountable to, and dependent upon, the state." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004); *see also Becker v. City Univ. of N.Y.*, 94 F. Supp. 2d 487, 490 (S.D.N.Y. 2000). The Report correctly held that CUNY's protection under the Eleventh Amendment is not precluded by any exceptions to the doctrine.[4] (Report, at 14-15.) The Individual Defendants,[5] Denise Dyce, John Siderakis, Carmelo Batista, and Robert Curry, are also immune from suit under the Eleventh Amendment, as sovereign immunity extends to claims against state officials for acts committed in their official capacities. *Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d

---

[3] The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[4] The three exceptions to sovereign immunity are: (1) the state has waived its immunity; (2) the State's immunity is abrogated by a valid exercise of Congressional authority; or (3) under the *Ex parte Young* doctrine, a state official may be sued in an action that is only seeking prospective injunctive relief. *Barry v. City Univ. of N.Y.*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010) (citing *In re Deposit Ins. Agency*, 492 F.3d 612, 617 (2d Cir. 2007)).

[5] Defendant Morena is not immune, as he was not an employee of the State, but rather was an employee of the Research Foundation of the City University of New York, a private, not-for-profit educational corporation.

Cir. 2009); *Ross v. State of N.Y.*, No. 15-cv-3286, 2016 WL 626561, at *3 (S.D.N.Y. Feb. 16, 2016).

Furthermore, the Report properly recommends dismissal of Plaintiff's Title VII and ADEA claims against the Individual Defendants in their personal capacities, as neither Title VII nor the ADEA provide for individual liability against the agents of an employer, including individuals who hold supervisory responsibilities. (Report, at 16); *see also Darcy*, 356 F. App'x at 436-37 (noting that Title VII and the ADEA do not create causes of action against individual supervisors).

Accordingly, this Court accepts Magistrate Judge Parker's recommendation that Plaintiff's ADEA and state law claims be dismissed pursuant to Rule 12(b)(1) as a matter of law with prejudice. (Report, at 15.)

## III. PLAINTIFF'S DISCRIMINATION CLAIMS BASED ON AGE, RACE AND COLOR

In assessing Plaintiff's claims based on age, race, and color, the Report properly held that Plaintiff failed to exhaust all administrative remedies prior to asserting claims under Title VII and the ADEA in a federal court. *See Littlejohn v. N.Y.C.*, 795 F.3d 297, 322 (2d Cir. 2015) (quoting *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006)) ("Before bringing a Title VII suit in federal court, an individual must first present 'the claims forming the basis of a suit . . . in a complaint to the EEOC or the equivalent state agency.'"). In Plaintiff's New York State Division of Human Rights ("NYSDHR") complaint, which was cross-filed with the EEOC, there are no statements that can be read to be reasonably related to allegations of discrimination based on age, race or color. (Report, at 17.) Having found that Plaintiff failed to exhaust his administrative remedies as to those three claims before filing this action, the Report was correct

in recommending dismissal as to Plaintiff's discrimination claims based on age, race and color with prejudice. (Report, at 18.)

## IV. PLAINTIFF'S GENDER DISCRIMINATION CLAIM

The Report properly held that Plaintiff failed to state a Title VII gender discrimination claim. Plaintiff's Amended Complaint alleges disparate treatment between himself and two *male* Campus Security Assistants. (Blige Letter filed Jan. 28, 2016, ECF No. 6-2, at 3.) These allegations does not create an inference of gender discrimination since they concern employees of the same sex as Plaintiff. In construing the Amended Complaint liberally, Magistrate Judge Parker also considered allegations made in the NYSDHR complaint, which was attached to the Amended Complaint. In the NYSDHR complaint, Plaintiff alleged that "two females were involved in a physical altercation on the job" and were subsequently treated better than he was. (Report, at 19.) Since Plaintiff failed to allege facts from which it is plausible to conclude that he was "similarly situated in all material respects" to the females, the Report properly held that Plaintiff failed to plead a gender discrimination claim. *See Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) ("plaintiff must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself] and that the similarly situated comparators received better treatment.") (quoting *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)). Given that Plaintiff is *pro se*, this Court accepts the recommendation that Plaintiff's gender discrimination claim be dismissed without prejudice to amend his complaint to attempt to allege sufficient facts to state a gender discrimination claim.[6] (Report, at 22, 27); *see also Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991)

---

[6] Plaintiff's discrimination claims based on arrest record and military status fail as a matter of law because neither Title VII nor the ADEA prohibit discrimination on the basis of arrest record or military status. *See generally* 42 U.S.C. § 2000-e-2(a); (Report, at 22-23.)

(noting that a district court should not dismiss an action without granting leave to amend at least once when the complaint gives "any indication that a valid claim might be stated" (internal quotation marks omitted)).

## V. PLAINTIFF'S DEFAMATION, BREACH OF CONTRACT, AND UNFAIR LABOR PRACTICE CLAIMS

The Report properly held that Plaintiff failed to establish a defamation claim against Defendant Dyce, Human Resources ("HR"), and CUNY because the allegations are vague and conclusory. (Report, at 23-25); *see also Allen v. St. Cabrini Nursing Home, Inc.*, No. 00-cv-8558, 2001 WL 286788, at *5 (S.D.N.Y. Mar. 9, 2001) ("plaintiff must allege the particular words complained of as well as the time, place, and manner of the false statement, and specify to whom it was made"), *aff'd*, 64 F. App'x 836 (2d Cir. 2003).

Moreover, the Report correctly held that Plaintiff's breach of contract claim is barred. (Report, at 25.) If Plaintiff intended to allege a stand-alone federal claim for breach of the CBA under Section 301 of the Labor Management Relations Act ("LMRA"), the Report correctly found that public employees, like Plaintiff, may not bring federal claims under Section 301 of the LMRA. (*Id.*); *see also Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009). If Plaintiff intended to assert a breach of contract claim against the Individual Defendants, the Report accurately determined that the action remains barred, as Plaintiff does not allege that the Individual Defendants were a party to the CBA or a party to any other contract with Plaintiff, thus failing to establish that the parties were in privity. (Report, at 26); *see also Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *4 (Apr. 28, 2010 E.D.N.Y. 2010) (quoting *Yucyco, Ltd. v. Republic of Slovn.*, 984 F. Supp. 209, 215 (S.D.N.Y. 1997)).

Finally, the Report properly determined that Plaintiff failed to provide any factual support for his unfair labor practice claim, as Plaintiff does not allege what specific labor practice he is challenging or when the complained-of conduct occurred. (Report, at 26-27.)

Accordingly, this Court accepts Magistrate Judge Parker's recommendation that Plaintiff's claims for defamation, breach of contract, and unfair labor practices be dismissed. (*Id.* at 25, 27.)

## VI. CONCLUSION

Having adopted the Report in full, Defendants' motion to dismiss is GRANTED with prejudice, with the exception for Plaintiff's gender discrimination claim, which is dismissed without prejudice with leave to amend, if amendment would not be futile.

The Clerk of Court is directed to close the motions at ECF Nos. 26 and 39.

Dated: New York, New York
March ___, 2017

MAR 21 2017

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge